IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD J. HOLLEMAN, TDCJ #297567, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-0178 |
| LT. MCKEE, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

State inmate Ronald J. Holleman has filed suit under 42 U.S.C. § 1983, alleging that excessive force was used against him in violation of his civil rights. Pending before the Court is a motion in which Holleman seeks a preliminary injunction and sanctions. (Docket Entry No. 10). For reasons set forth briefly below, the plaintiff's motion is denied.

To prevail on a motion for preliminary injunction, the plaintiff must establish the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *See Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *See Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden

of persuasion on all of the prerequisites.  *See Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).

In this case, Holleman sues Lieutenant McKee, Sergeant Simmons, and two other correctional officers employed by TDCJ at the Walls Unit in Huntsville, Texas.  According to the allegations in Holleman's pending civil rights complaint, these defendants used excessive force against him during his transfer to another unit.  Holleman, who presently resides at the Allred Unit, now seeks a preliminary injunction and sanctions against former TDCJ Executive Director Gary Johnson, the Senior Warden at the Allred Unit, the Law Library Supervisor at the Allred Unit, the Law Library Security Officer at the Allred Unit, and the Property Officer at the Allred Unit.  Holleman complains that these individuals have somehow confiscated property or otherwise prevented his access to courts in connection with pending litigation filed by Holleman in this case and in other districts.

Holleman has not clearly articulated how any interference by the individuals referenced in his motion has harmed his ability to proceed with the present case.  None of the individuals named in the motion are defendants in this case and the conduct alleged does not involve the subject matter of the pending complaint.  Because the motion is plainly unrelated to the merits of the dispute presently before the Court, Holleman fails to satisfy any of the elements necessary to justify a preliminary injunction in this lawsuit.  Moreover, because the conduct forming the basis for Holleman's motion occurred, if at all, at the Allred Unit, which is located in Wichita County, Texas, this Court has no jurisdiction over the incidents alleged.    As this Court has noted previously, Holleman has a record of engaging

in frivolous litigation and, as a result, he is barred from proceeding as a pauper in the federal courts by 28 U.S.C. § 1915(g). Holleman may not tack on allegations that are unrelated to those lodged in the original complaint. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

Therefore, it is **ORDERED** that the motion for a preliminary injunction and for sanctions (Docket Entry No. 10) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **April 20, 2005.**

_____
Nancy F. Atlas
United States District Judge