IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD J. HOLLEMAN, § | | |
| TDCJ #297567, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-0178 |
| § | | |
| LT. MCKEE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **ORDER**

State inmate Ronald J. Holleman has filed suit under 42 U.S.C. § 1983, alleging that excessive force was used against him in violation of his civil rights. Holleman sues Lieutenant McKee, Sergeant Simmons, and two other unidentified correctional officers employed by TDCJ at the Walls Unit in Huntsville, Texas. Although Holleman proceeds *pro se*, he is not eligible to proceed *in forma pauperis* because of his record of filing frivolous lawsuits while in prison. After Holleman failed to perfect service of process on the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure, the Court issued an order on June 21, 2005, directing him to show cause why this case should not be dismissed. In response to the show cause order, Holleman has filed a motion requesting additional time to serve the defendants.

Holleman concedes that he has not served the defendants within the time allowed by Rule 4 and that he did not request additional time to serve the defendants until after his deadline had expired. As explained previously, a plaintiff's *pro se* status does not alter the

requirement that he timely and properly effect service of process and it is not good cause. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (*pro se* prisoner not excused from following procedural rules in civil litigation).

As cause for his failure to serve the defendants, Holleman alleges that TDCJ employees confiscated his legal property from March 2, 2005, until June 16, 2005, hindering his ability to prosecute this case. Holleman alleges further that the Clerk's Office has failed to provide summons and copies of the complaint needed to serve the defendants. Based on this showing, the Court will grant an extension of time to allow the plaintiff to serve the defendants.

It is **ORDERED** that the plaintiff's motion for an extension of time to conduct service (Docket Entry No. 15) is **GRANTED**. The plaintiff must present proof within **sixty days** of the date of this order showing that he has effected service of process in compliance with the Federal Rules of Civil Procedure. If he fails to comply, this case will be dismissed without further notice for lack of service.

The plaintiff has requested summons for Lieutenant McKee, Sergeant Simmons, and Officer Burchell, each of whom reportedly works for TDCJ at the Walls Unit in Huntsville. For each of these identified defendants, the Clerk is **ORDERED** to provide summons and copies of the complaint (Docket Entry No. 1) to the plaintiff, along with a copy of this order, by certified mail, return receipt requested.

SIGNED at Houston, Texas on **July 29, 2005**.

Nancy F. Atlas
United States District Judge