IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD J. HOLLEMAN, § | | |
| TDCJ #297567, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-0178 | |
| § | | |
| LT. MCKEE, *et al.*, § | | |
| Defendants. § | | |

**<u>MEMORANDUM AND ORDER</u>**

State inmate Ronald J. Holleman has filed suit under 42 U.S.C. § 1983, alleging violations of his civil rights. Holleman proceeds *pro se*, but not *in forma pauperis*. Pending before the Court is a motion by one of the defendants, Officer James Burchell, seeking a reply under Rule 7(a) of the Federal Rules of Civil Procedure. (Docket Entry No. 32). Holleman has filed a response to the motion. (Docket Entry No. 37). After considering all of the pleadings and the applicable law, the Court grants the defendant's motion for reasons set forth below.

**I.     <u>BACKGROUND</u>**

Holleman is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"), at the Allred Unit. Holleman sues Lieutenant McKee, Sergeant Simmons, and two other unidentified correctional officers employed by TDCJ at the Walls Unit in Huntsville, Texas. Holleman alleges that, while he was in living in transient status at the Walls Unit, the defendants used unreasonable, unnecessary, and excessive force against him on August 13, 2003, by assaulting him.

Holleman alleges further that the defendants then forced him to carry his own personal property to the transit bus without making a reasonable accommodation for his disability as required by the Americans with Disabilities Act (the "ADA").

Believing that Officer Burchell is one of the John Doe defendants named in the original complaint, Holleman served him with copies of the complaint along with a summons in this case. Officer Burchell has filed an joint answer with Defendants McKee and Simmons. Noting that the complaint and its attachments make no mention of him or any personal involvement with the events giving rise to the suit, however, Officer Burchell has filed a motion under Rule 7(a) of the Federal Rules of Civil Procedure, asking Holleman to provide a more detailed statement of his claims. In particular, Officer Burchell argues that the pending complaint fails to plead sufficient facts showing that he violated the plaintiff's rights under the United States Constitution or the ADA. Likewise, Officer Burchell notes that the vague allegations made by Holleman fall far short of what is required to overcome his asserted defense of qualified immunity.

Holleman has filed a response to Officer Burchell's motion. Holleman explains that the reason he named Officer Burchell as a defendant is that in June of 2005, long after the incidents in the complaint allegedly occurred in August of 2003, Holleman had an occasion to transfer from the Allred Unit to the Walls Unit for a brief stay in connection with an unspecified state court proceeding. Holleman reports that, during this time, Officer Burchell visited with him and "related to [Holleman] information about the assault [sic], including the date, time, cell it happen [sic] in, and some details of the incident that only someone involved

2

in the incident would know." For this reason, Holleman insists that Officer Burchell is a proper defendant in this suit. However, Holleman provides no additional facts concerning Officer Burchell's personal involvement.

## II.   DISCUSSION

All of the defendants in this case, including Officer Burchell, have asserted the defense of qualified immunity. Public officials acting within the scope of their authority are shielded from civil liability by the doctrine of qualified immunity if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Thus, qualified immunity is an immunity from suit that extends beyond a defense to liability to include all aspects of civil litigation, including discovery. *See Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998); *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

Generally, Rule 8 of the Federal Rules of Civil Procedure only requires a plaintiff to provide a short and plain statement of his claims showing that he is entitled to relief. Where qualified immunity is asserted, a plaintiff may not simply rely on Rule 8 of the Federal Rules of Civil Procedure in an effort to meet his burden to state a claim. *See, e.g, McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the

defense."), *cert. denied*, 537 U.S. 1232 (2003). While a short and plain statement of a claim pursuant to Rule 8 generally suffices to defeat a Rule 12(b)(6) motion to dismiss, a heightened standard applies once individual defendants raise the defense of qualified immunity. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (In contrast to official capacity suits, "[p]laintiffs suing governmental officials in their individual capacities, however, must allege specific conduct giving rise to a constitutional violation."). The Supreme Court has abolished the "heightened pleading" requirement in cases against municipalities. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). However, the Supreme Court has refrained from considering "whether [its] qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." *Id*. The Fifth Circuit continues to adhere to a "heightened pleading" standard in civil rights cases against government officials. *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc) (affirming the continuing validity of *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985)); *see also Anderson v. Pasadena Indep. School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (continuing to apply the heightened pleading standard). Although a plaintiff is no longer required to anticipate the defense of qualified immunity in his complaint, he must support his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of the defendant's conduct at the time of the alleged acts. *See Schultea*, 47 F.3d at 1434.

    Neither the complaint nor the response submitted by Holleman provide facts establishing that Officer Burchell had any personal involvement with the incidents that

allegedly form the basis of his civil rights claim, namely, the alleged assault and the ensuing violation of the ADA. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). As a prerequisite, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Roberts v. City of Shreveport*, 397 F.3d 287, 291-92 (5th Cir. 2005). In order to successfully plead a cause of action in § 1983 cases, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Conclusory allegations or generalized assertions are not sufficient to state a claim; particular facts are required to specify the personal involvement of each defendant. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990).

When a plaintiff files a conclusory complaint in a case subject to qualified immunity, a district court can require the plaintiff to file a more definite reply under Rule 7(a) of the Federal Rules of Civil Procedure. *See Schultea*, 47 F.3d at 1430, 1432; *see also Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (noting that "[t]he *Schultea* rule governing the Rule 7(a) reply is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases."). This reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea*, 47 F.3d at 1433. Moreover,

the reply must contain "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." *Sazan*, 168 F.3d at 161 (citing *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995)).

As the Fifth Circuit has noted, "vindicating the immunity doctrine" will ordinarily require a Rule 7(a) reply, and a district court's discretion not to order one "is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434. Here, the complaint fails to detail facts sufficient to state an actionable claim against Officer Burchell under 42 U.S.C. § 1983. Although Holleman has filed a response to Officer Burchell's pending motion, which attempts to clarify the reason Burchell was added as a defendant, the information provided by Holleman does not reflect that Burchell actually participated in any assault, whether he witnessed the altercation, or whether he was merely present at the unit that day. In addition, there is no suggestion by Holleman that Officer Burchell participated in any violation of the ADA. Thus, the allegations are not sufficiently detailed to establish that Officer Burchell had any personal involvement in the incidents that form the basis of Holleman's complaint. The conclusory allegations also fail to overcome the defendant's assertion of qualified immunity.

Rather than dismiss the complaint against Officer Burchell, the plaintiff is ordered to cure the above-referenced deficiency by filing a Rule 7(a) reply within thirty (30) days of this order and to make specific factual allegations directed to the defendants' qualified immunity contentions. *See Schultea*, 47 F.3d at 1433. The Rule 7(a) reply should contain facts demonstrating what Officer Burchell's involvement, if any, in the alleged assault that

occurred on August 13, 2003, and the alleged violation of the ADA.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's motion for a Rule 7(a) reply by the plaintiff (Docket Entry No. 32) is **GRANTED**.

2. The plaintiff shall file a pleading entitled "Rule 7(a) Reply" within **thirty days** of the date of this order.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas on **January 17, 2006.**

_____
Nancy F. Atlas
United States District Judge